UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X

ALBERTUS POMPEY

               Plaintiff,

                                                            **OPINION & ORDER**
      -against-                                      CV-04-3923(SJF)(JO)

IMAGISTICS PITNEY BOWES OFFICE
SYSTEMS,

               Defendant .
―――――――――――――――――――――――――――X
FEUERSTEIN, J.

On or about March 9, 2004, Albertus Pompey (plaintiff) filed an employment discrimination action against defendant Imagistics International Inc., s/h/a Imagistics Pitney Bowes Office Systems (defendant), in Supreme Court of the State of New York, Nassau County, alleging claims for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Section 1981). Defendant subsequently removed the action to this court and now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of plaintiff's Title VII claim. Plaintiff has not opposed the motion. For the reasons stated herein, defendant's motion is granted.

1

I.  BACKGROUND

   A.  Factual Background[1]

Plaintiff is an African-American male who was employed by defendant as an area sales manager. According to plaintiff, he was "continuously harassed by the Defendant and endured racial comments" during the course of his employment. (Complaint [Compl.], ¶ 7). Plaintiff contends that he complained to management by letter dated May 2, 2002, but that defendant failed to properly investigate his allegations and instead dismissed his complaints as unfounded. In addition, plaintiff contends that he was "unjustly demoted and forced to resign * * * solely due to [his] race." (Compl., ¶ 5). According to plaintiff, he "was treated differently than all other non-African American employees in the terms and conditions of his employment." (Compl., ¶ 12).

Plaintiff further maintains that defendant "has a pattern of failing to properly award African American employees their compensation which is due to them * * * [and] of racism targeting African Americans." (Compl., ¶¶ 10-11).


   B.  Procedural History

On or about March 9, 2004, plaintiff filed an action against defendant in Supreme Court of the State of New York, Nassau County, alleging claims for racial discrimination and retaliation in violation of Title VII and Section 1981. On September 10, 2004, defendant

---

[1] As is required on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in the complaint are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of plaintiff. They do not constitute findings of fact by this court.

2

removed the action to this court on the grounds that this court has original federal question jurisdiction over those claims pursuant to 28 U.S.C. § 1441(a).

Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's Title VII claim on the basis that plaintiff fails to allege that he exhausted his administrative remedies and, thus, fails to state a cause of action under Title VII. Plaintiff has not opposed the motion.

II. DISCUSSION

A. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003)(internal quotations and citations omitted). In deciding a motion to dismiss, the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See, Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); New v. Ashcroft, 293 F.Supp.2d 256, 257 (E.D.N.Y. 2003). The court's task "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt, 340 F.3d at 101 (internal quotations and citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims. See, New, 293 F.Supp.2d at 257 (citing Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 [2d Cir. 1995]). The Court must limit itself to the facts alleged in the complaint, to any documents attached to the complaint

3

as exhibits or incorporated by reference therein, to matters of which judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit. See, Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); Spencer Trask Software and Information Servs. LLC v. RPost Intl. Ltd., No. 02 Civ. 1276, 2003 WL 169801, at * 4 (S.D.N.Y. Jan. 24, 2003).

B.   Exhaustion

Exhaustion of administrative remedies and the timely filing of a complaint with the EEOC are preconditions to filing a Title VII action in federal court. See, Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). "Administrative exhaustion is an essential element of Title VII's statutory scheme, the purpose of which is to avoid unnecessary judicial action by the federal courts by giving the administrative agency the opportunity to investigate, mediate, and take remedial action." Canty v. Wackenhut Corrections Corp., 255 F.Supp.2d 113, 116 (E.D.N.Y. 2003)(internal quotations and citation omitted); see also Bey v. Welsbach Elec. Corp., No. 01 Civ. 2667, 2001 WL 863419, at * 2 (S.D.N.Y. Jul. 30, 2001)(accord).

Since plaintiff fails to allege that he timely filed a complaint with the EEOC regarding his claims of racial discrimination and retaliation or that he obtained a right-to-sue letter, he has not demonstrated that he has exhausted his administrative remedies. See, e.g. Canty, 255 F.Supp.2d at 117 (finding that plaintiff did not demonstrate that she had exhausted her administrative remedies where she failed to allege that she obtained a right-to-sue-letter).

Moreover, although the exhaustion requirement is subject to the equitable doctrines of

waiver, estoppel, and tolling, see, Canty, 255 F.Supp.2d at 116, those doctrines are inapplicable because plaintiff has not alleged that defendant waived his compliance with the exhaustion requirement or that he attempted to procure a right-to-sue letter or to otherwise comply with the exhaustion requirement. See, e.g. Id. at 117 (finding that waiver, estoppel or tolling were inapplicable, *inter alia*, where plaintiff gave no indication that she obtained or even attempted to procure a right-to-sue letter); Bey, 2001 WL 863419, at * 3 (finding that the exceptions to the exhaustion requirement were inapplicable, *inter alia*, where defendants did not waive plaintiff's compliance with the exhaustion requirement and plaintiff did not obtain a right-to-sue letter or allege that he attempted to procure such a letter). Accordingly, plaintiff's Title VII claim is dismissed for failure to exhaust administrative remedies.

III. CONCLUSION

Defendant's motion is granted and plaintiff's Title VII claim is dismissed. The parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on June 24, 2005, at 12:30 p.m. for a settlement and/or scheduling conference with authority or persons with authority to resolve this action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 26, 2005
Central Islip, New York

5

Copies to:

Thomas F. Bello, Esq., P.C.
515 Bement Avenue
Staten Island, New York 10310

Wiggin and Dana
400 Atlantic Street
Stamford, CT 06911